JOHN P. FELTS and WILLIAM B. COLLINS, Respondents, *v.* LESTER CLAPPER, Appellant.

*Goods sold and delivered — affirmative of the issue — questions for the jury.*

When, in an action brought to recover for goods sold and delivered, the answer contains a general denial of the allegations of the complaint and puts in issue the question of sale and delivery as well as that of price and payment, the plaintiff has the affirmative of the issue, and is entitled to open and close the case

When the evidence upon a disputed question of fact is sufficient to sustain the verdict of a jury on such disputed fact, it is the duty of the trial court to submit such question of fact to the jury.

APPEAL by the defendant, Lester Clapper, as stated in the notice thereof, from a judgment of the County Court of Columbia county, entered in the office of the clerk of that county on the 21st day of June, 1892, affirming a judgment of a justice of the peace in favor of the plaintiffs; also from the order of the Columbia County Court affirming a judgment entered by C. G. Van Alstyne, justice of the peace, on the 6th day of June, 1891, and also from the said judgment granting and allowing John P. Felts and William B. Collins, respondents, twenty-seven dollars and sixty-eight cents costs against the appellant, Lester Clapper; also from all of the judgment entered

in this action in the office of the clerk of Columbia county on the 21st day of June, 1892.

*E. R. Harder*, for the appellant.

*E. R. Peck* and *W. C. Daly*, for the respondents.

MAYHAM, P. J.:

This is an appeal from the judgment of the County Court of Columbia county affirming the judgment of a justice of the peace.

The first point made by the appellant is, that the justice erred in refusing to permit the defendant to open and close the case on the grounds that he had the affirmative of the only issue. The action was to recover for goods sold and delivered, and the answer contained a general denial of the allegations of the complaint, and put in issue the question of sale and delivery as well as that of price and payment.

Upon the pleadings, therefore, the plaintiff had the affirmative of the issue, and the justice was right in giving him the right of opening and closing the case.

It is also objected by the appellant that there was a misjoinder of parties plaintiff, and that for that reason the justice erred in not nonsuiting the plaintiff on the trial. There was some evidence that the plaintiffs owned the property sold, and for which this action was prosecuted, together, and enough, I think, to uphold the verdict of the jury upon that subject; and the rule is universal that when the evidence upon a disputed question of fact is sufficient to sustain the verdict of a jury on such disputed fact, it is the duty of the trial court to submit such question of fact to the jury.

I think that that question was one of fact in this case, and was, therefore, properly disposed of by the justice.

The evidence seems undisputed that at the time of the sale of this property to the defendant, it belonged to both the plaintiffs.

We have carefully examined the objections and exceptions by the defendant to the ruling of the justice in the receipt and rejection of evidence on the trial, and find no error for which this judgment should be reversed.

PUTNAM and HERRICK, JJ., concurred.

Judgment affirmed, with costs.